UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAWANNA THIERRY and CANDI HUDSON | § | |
| | § | |
| VS | § | CIVIL ACTION NO. _____ |
| | § | |
| SCHLUMBERGER LIMITED | § | |

## ORIGINAL COMPLAINT

## I.
## NATURE OF SUIT

This suit is brought by **TAWANNA THIERRY** and **CANDI HUDSON** against Defendant

**SCHLUMBERGER LIMITED** to correct unlawful employment practices by the Defendant against

the Plaintiffs and to make Plaintiffs whole.

## II.
## JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e *et seq* also known as Title

        VII of the Civil Rights Act of 1964.

2.      Jurisdiction of this Court is also invoked pursuant to 42 U.S.C. § 1981.  Jurisdiction of this

        court is also invoked pursuant to the Americans with Disabilities Act.

3.      The court has jurisdiction over the lawsuit because part of the action arises under the Family

        and Medical Leave Act (FMLA).  Plaintiff **THIERRY** is employed as a

        RMS/eQuality/MATS System Administrator with defendant.  Plaintiff HUDSON is

        employed as a Materials Science Engineer.

4.      The court has jurisdiction pursuant to the Equal Pay Act.

Thierry et al vs. Schlumberger Limited
Original Complaint

Page 1

5.      Jurisdiction of this court is also invoked pursuant to the Civil Rights Act of 1991.

6.      Jurisdiction of this court is also invoked under the Americans with Disabilities Act.

7.      The employment practices hereafter alleged to be unlawful were committed in the Southern District of Texas, pursuant to 28 USC § 1391(b) and all other applicable law.  Venue is proper in the Southern District of Texas, Houston Division, as the incidents made the basis of this lawsuit occurred in the Southern District of Texas.  28 USC § 1391(c).

8.      Plaintiff **TAWANNA THIERRY** has filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and has been issued a right to sue.  Notice of Right to Sue is attached to this Complaint as **EXHIBIT A**.  Any and all of the required conditions precedent have been performed or have occurred.  Plaintiff **CANDI HUDSON** brings this suit under 42 USC § 1981 for racial discrimination and under the ADA.  No right to give is required under these Acts.

9.      Plaintiffs **TAWANNA THIERRY** and **CANDI HUDSON** are individuals  residing in Houston, Harris County, Texas.

10.     Defendant, **SCHLUMBERGER LIMITED**, is a corporation doing business in Sugarland, Fort Bend, Harris County, Texas, and surrounding areas and can be served through its registered agent:

        National Registered Agents, Inc.
        1614 Sidney Baker Street
        Kerville, TX 78028

The discriminatory acts complained of occurred at the Defendants' Sugarland location.

11.     Defendant is an employer within the meaning of the FMLA.  Defendant is engaged in commerce or in an industry or activity affecting commerce and employs 50 or more

employees for each working day during each of 20 or more calendar work weeks in current or preceding calendar year.

12.     Defendant is a quasi public entity as it does business with Governmental agencies.  Plaintiff asserts that the protection provided under the Whistleblower Act should attach to the Defendant, as Defendants engage in state action.

### III.
### AGENCY

13.     Whenever it is alleged in this petition that Defendant did or failed to do any act or thing, it is meant that such commission or omission was performed or omitted by an agent, servant, or employee of said entity, and that in each instance the said agent, servant, or employee was then acting for and on behalf of said entity and within the scope of his/her employment or within the authority delegated to him/her by said entity.

### IV.
### STATEMENT OF CLAIMS

14.     Plaintiffs are eligible employees within the meaning of the FMLA.  Plaintiffs were employed by defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period.

15.     Plaintiff **TAWANNA THIERRY** is  an employee of **SCHLUMBERGER LIMITED** at all times material.  Plaintiff believes that Defendant employs more than five thousand (5,000) people.  Plaintiff **THIERRY** worked as a RMS/eQuality/MATS System Administrator for the Defendant at all times material.  Plaintiff is a female and an African American employee protected under Title VII.

16.     Plaintiff **CANDI HUDSON** is an employee of **SCHLUMBERGER LIMITED** at all times material.  Plaintiff  **HUDSON** works as a Materials Science Engineer IV.  Plaintiff is a female employee and an African American protected under 42 USC§ 1981.

17.     This is a racial discrimination employment case.  The Plaintiffs herein allege that they were subjected to racial harassment, defamation of character, hostile work environment, disparate impact, disparate treatment, discriminatory gender practices, constructive discharge and/or retaliation.  The Plaintiffs herein complain of discrimination and harassment, inter alia, of the most severe and vulgar kind, while employed at **SCHLUMBERGER LIMITED** (hereinafter "**SCHLUMBERGER**").

18.     Defendant is an employer within the meaning of title VII. {42 USC§ 2000e(B)}

19.     Defendant intentionally discriminated against Plaintiffs because of their race in violation of Title VII. {See 42 USC§ 2000e-2} for Plaintiff THIERRY and 42 USC Section 1981, and the Civil Rights Act of 1991.

20.     Defendant tormented, harassed and verbally abused the Plaintiffs, and caused the Plaintiff severe emotional distress.  Defendant  created a hostile work environment and subjected the Plaintiffs to sexual harassment and racial slurs in the work place.

21.     Defendant **SCHLUMBERGER LIMITED** also subjected the Plaintiffs to disparate treatment with other workers similarly situated.  Specifically Defendant discriminated against the Plaintiffs on account of their sex and race in the denial of transfer and promotion opportunities, vacation approvals and denials, time afforded to complete tasks, and disciplinary actions, career training and salary payment.

22.      Defendant denied Plaintiffs equal pay with Caucasian males on account of their sex, even though these males are less qualified.

23.      Defendants subjected the Plaintiffs to disparate treatment in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*., and 42 USC Section 1981, and The Civil Rights Act of 1991.

24.      Plaintiffs were subjected to a hostile work environment by the Defendants in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq*., and 42 USC Section 1981, and The Civil Rights Act of 1991.

25.      Defendant used racial slurs and discriminated against the Plaintiffs on account of race in violation of 42 U.S.C. § 1981.

26.      Defendant is liable for Plaintiff's damages because, as a **SCHLUMBERGER LIMITED** Official, and policy maker, Defendant discriminated against the Plaintiffs on account of sex and race.  Defendant also discriminated against Plaintiffs on account of ancestral origin. Defendant discriminatory practices culminated in the termination of Plaintiffs' employment. Defendant discriminatory practices have inflicted injuries on the Plaintiffs through disparate treatment of the Plaintiffs.

27.      Plaintiffs make their claims and basis of this cause of action under Title VII of the Civil Rights Act of 1964, *as amended*; 42 U.S.C. § 1981, and The Civil Rights Act of 1991.

28.      Defendant used the following discriminatory employment practices in violation of Title disproportionate number of persons of Plaintiff's.

**V.**

**CAUSES OF ACTION OF PLAINTIFF THIERRY**

29.     Defendant **SCHLUMBERGER LIMITED** denied Plaintiffs equal pay with males on account of their sex, in violation of the Equal Pay Act of 1963, as amended, 29 U.S.C.§ 206(d).

30.     Defendants subjected the Plaintiff **TAWANNA THIERRY** to disparate treatment in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*

31.     Plaintiff **THIERRY** was subjected to a hostile work environment by the Defendant in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*

32.     Plaintiff is a whistle-blower as that claim is understood under Federal law and is compensable for this action.  Plaintiff requests the jury to find that Defendant engaged in state action.

33.     Plaintiff makes her claims and basis of this cause of action under 42 USC§ 2000e et seq, *as amended*; 42 U.S.C. § 1981; and 29 U.S.C.§ 206(d), and The Civil Rights Act of 1991.

34.     Plaintiff suffers severe emotional distress as a result of the disparate treatment inflicted upon her due to her race.  Accordingly, Defendants are liable to Plaintiff for severe emotional distress occasioned by the disparate treatment imposed upon Plaintiff.

35.     Plaintiff shows a claim for hostile work environment (Under§ 1981), if:

    a)      Plaintiff belongs to a protected class;

    b)      Plaintiff was subjected to unwelcome harassment by a supervisor or manager and/or co-worker;

    c)      The harassment complained of was based on race and gender; and

d)    The harassment complained of affected a "term, condition or privilege of his employment. [1]  The Plaintiff has met this condition.

36.    Harassment affects a "term, condition or privilege of employment" if it is sufficiently severe or pervasive so as to alter the condition of employment and create an abusive working environment. [2]  When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the victim's employment and create an abusive working environment. [3]  Whether a working environment is hostile or abusive can only be determined by looking at the totality of the circumstances.  These circumstances may include, but is not limited to, the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance.  While any relevant factor may be taken into account, no single factor is required. [4]  Plaintiff asserts harassment in one or more of the following ways:

A)    **RACIAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

37.    Plaintiff was the recipient of comments, such as "You are lucky you do not look like those Africans from Africa."  "Africans all swing from the trees and fight lions."  "Africans look like apes." "NIGGER" "Stupid" "Do you speak ebonics?".  Plaintiff witnessed harassment

---

[1] *Celestine v. Petroleos de Venezuella SA*, 266 F. 3d 343 (5th Cir. 2001).

[2] *Watts v. Kroger Co.*, 170 F. 3d 505, 509-510 (5th Cir. 1999).

[3] *Wallace v. Texas Teck University*, 80 F. 3d 1042, 1049 N.9 (5th Cir. 1999), quoting *Meritor Savings Bank, FSB V. Vinson*, 477 US 57, 65067, 106 S. Ct. 2399, 91 L.Ed. 49 (1986).

[4] *Harris V. Forklift Systems, Inc.*, 510 US 17, 23, 114 S. Ct. 367 (1993).

of other African Americans.

**B)   SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

38.   Plaintiff suffers extreme comments, physical touch, discomforting look down her blouse by

male employees.  Male employees have undressed in front of the Plaintiff to show their

genitals, and male employees have solicited sexual favors from the Plaintiff.  Plaintiff was

frequently called "BITCH", "WHORE", and other sexually derogatory comments.

**C)   GLASS CEILING ACT**

39.   The Defendant violated the provision of the Glass Ceiling Act

**D)   RETALIATION**

40.   Retaliation is shown when:

a)      employee has engaged in activity protected by Title VII and/or§ 1981;

b)      employer took adverse employment action against employee; and

c)      causal connection exists between that protected activity and adverse employment

action. [5]  Plaintiff has been retaliated against for reporting unlawful conduct.

41.   A Plaintiff can show disparate treatment in violation of§ 1981, if race and gender was the

sole and/or motivating factor in the unfavorable treatment the Plaintiff received.  Plaintiff

asserts disparate treatment in violation of § 1981 claims against Defendant.

a)      Plaintiff **THIERRY** was denied tuition reimbursement when similarly situated male

employees received tuition reimbursement.

b)      Plaintiff was denied training, advance apprenticeships, SETC Senior Level training,

career development training, and Lean Six Sigma Black Belt Training.

---

[5] Civil Right Act of 1964,§ 704(a), 42 USCA§ 2000e.

**E)**      **WHISTLEBLOWER**

42.      Plaintiff asserts that Defendant was engaged in state action, doing acts in lieu of the state.

Accordingly, because Defendant is a quasi public entity as it does business with

Governmental agencies.   Plaintiff asserts that the protection provided under the

Whistleblower Act should attach to the Defendant, as Defendants engage in state action.

## VI.
## CAUSES OF ACTION OF PLAINTIFF HUDSON

43.      Defendant used racial slurs and discriminated against Plaintiff **HUDSON** on account of race

in violation of 42 U.S.C. § 1981.

44.      Plaintiff makes her claims and basis of this cause of action under The Civil Rights Act of

1991; 42 U.S.C. § 1981; and 29 U.S.C.§ 206(d).

45.      Plaintiff suffers discrimination based on ancestral origin in violation of § 1981 of the Civil

Rights Act, 42 U.S.C. § 1981.

46.      Plaintiff suffers severe emotional distress as a result of the disparate treatment inflicted upon

her due to her race.   Accordingly, Defendants are liable to Plaintiff for severe emotional

distress occasioned by the disparate treatment imposed upon Plaintiff.

47.      42 USCA§ 1981 requires that the Plaintiff show:

a)      Plaintiff is a member of a protected class;

b)      Defendant had the intent to discriminate on the basis of race; and

c)      The discrimination concerned the making and enforcing of a contract.[6]

---

[6]  See Bellows v. Amoco Oil Co., 118 Fc 268 (5th Cir 1997); *Whidbee v. Garzarelli Ford Specialities, Inc.*, 223 F. 3d 62 (2nd Cir. 2000).  (Individuals can be held liable for§ 1981 violations in the employment - context if same are reasonably related to actions of that individual).

48.     Further, an employee/employer situation satisfies the contractual requirement of a§ 1981 claim.[7]  Moreover, the Plaintiff is not required to exhaust any administrative remedies, with EEOC, or otherwise before Plaintiff has standing to bring a§ 1981 Claim in Federal District Court.  Additionally,§ 1981 claims have no caps on actual or punitive damages.  Finally, individuals, as well as employers, can be held liable for§ 1981 violations provided there is some reasonable relation between the individual and the act of which is complained.

49.     Plaintiff shows a claim for hostile work environment (Under§ 1981), if:

a)      Plaintiff belongs to a protected class;

b)      Plaintiff was subjected to unwelcome harassment by a supervisor or manager and/or co-worker;

c)      The harassment complained of was based on race; and

d)      The harassment complained of affected a "term, condition or privilege of his employment.[8]

50.     Defendant violated the confidentiality provisions of Health Records and Information Act of 2002.

**A)      RACIAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

51.     Plaintiff was the recipient of comments, such as "You are lucky you do not look like those Africans form Africa."  "Africans all swing from the trees and fight lions."  "African look like apes." "Nigger."  Plaintiff witnessed other African Americans' abused.

52.     Plaintiff shows a claim for hostile work environment (Under§ 1981), if:

---

[7] See Id. *Whidbee v. Garzarelli Ford Specialities, Inc.,* 223 F. 3d 62, 75 (2nd Cir. 2000).

[8] *Celestine v. Petroleos de Venezuella SA*, 266 F. 3d 343 (5th Cir. 2001).

a)      Plaintiff belongs to a protected class;

b)      Plaintiff was subjected to unwelcome harassment by a supervisor or manager and/or co-worker;

c)      The harassment complained of was based on race; and

d)      The harassment complained of affected a "term, condition or privilege of his employment. [9]

**B)      SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**

53.     Plaintiff suffers extreme comments, physical touch, discomforting look down her blouse by male employees.  Male employees have undressed in front of the Plaintiff to show their genitals, and male employees have solicited sexual favors with the Plaintiff.  Plaintiff was frequently called "BITCH", "WHORE", and other sexually derogatory comments.

54.     Harassment affects a "term, condition or privilege of employment" if it is sufficiently severe or pervasive so as to alter the condition of employment and create an abusive working environment. [10] When the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the victim's employment and create an abusive working environment. [11]  Whether a working environment is hostile or abusive can only be determined by looking a the totality of the circumstances.  These circumstances may include, but is not limited to, the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether

---

[9] *Celestine v. Petroleos de Venezuella SA*, 266 F. 3d 343 (5th Cir. 2001).

[10] *Watts v. Kroger Co.*, 170 F. 3d 505, 509-510 (5th Cir. 1999).

[11] *Wallace v. Texas Teck University*, 80 F. 3d 1042, 1049 N.9 (5th Cir. 1999), quoting *Meritor Savings Bank, FSB V. Vinson*, 477 US 57, 65067, 106 S. Ct. 2399, 91 L.Ed. 49 (1986).

it unreasonably interferes with an employee's work performance.  While any relevant factor may be taken into account, no single factor is required.

**C)    RETALIATION**

55.    Retaliation is shown when:

a)    employee has engaged in activity protected by Title VII, the Civil Rights Act of 1991 and/or

§ 1981;

b)    employer took adverse employment action against employee; and

c)    causal connection exists between that protected activity and adverse employment

action. [12]  The Plaintiff was retaliated against of reporting unlawful employment practices.

56.    Defendant violated the confidentiality provisions of Health Records and Information Act of 2002.

57.    Defendant defamed the Plaintiff's character.

**E)    WHISTLEBLOWER**

58.    Plaintiff asserts that Defendant was engaged in state action, doing acts in lieu of the state. Accordingly, because Defendant is a quasi public entity as it does business with Governmental agencies.   Plaintiff asserts that the protection provided under the Whistleblower Act should attach to the Defendant, as Defendants engage in state action.

**VII.**
**DAMAGES**

59.    By reason of Defendant's action and/or conduct and Plaintiffs' subsequent personal and consequential damages, Plaintiffs are entitled to damages in the amount of $500,000,000.00

---

[12] Civil Right Act of 1964,§ 704(a), 42 USCA§ 2000e.

(Five Hundred Million Dollars) each, or to the extent allowed by law.

60.     Until the time of trial of this cause, those elements of damages which should be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate the Plaintiffs are:

a)      the mental anguish and emotional distress that Plaintiffs have suffered occasioned by the disparate treatment;

b)      damages resulting from the violation of 42 U.S.C. § 2000e, *et seq*.; and other violations.

c)      Plaintiffs were denied promotions, resulting in lost pay and benefits.

61.     Plaintiffs will show that in reasonable probability her damages will continue into the future. Plaintiffs' future losses from the date of trial and beyond include:

a)      the mental anguish that Plaintiffs will suffer in the future.

62.     The total sum of Plaintiffs' damages, both past and future, are within the minimum jurisdictional limits of this Court.  These damages were legally caused by the Defendants.

63.     The actions of the Defendants resulted in (1) tangible employment actions, termination, constructive termination, disparate treatment and an abusive work environment that caused discernable injury to Plaintiffs' emotional state (including physical manifestations, stress and humiliation); distraction from employee's job performance; (2) discouraged the Plaintiffs form remaining on the job; (3) prevented Plaintiffs form advancing their careers and/or (4) was extremely severe and pervasive.

64.     Further, the Defendants' actions resulted in and/or proximately caused the Plaintiffs' damages which include, but are not limited to the following:

Thierry et al vs. Schlumberger Limited
Original Complaint

Page 13

a)      Back Pay

b)      Front Pay

c)      Lost Employee Benefits (past and future) including, but not limited to, sich leave pay, vacation pay, profits sharing benefits, stock options, pension fund benefits, housing or transportation subsidiaries, bonuses, monetary losses incurred as a result of the loss of health, life, dental or similar insurance coverage;

d)      Compensatory Damages (past and future) including, but not limited to, pecuniary losses, emotional pain and suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

65.     Clearly and convincingly the Defendants acted with malice or evil motive or intent or with reckless or callous indifference to the rights of Plaintiffs to be free from racial discrimination to harassment. [13]

## VIII.
## ATTORNEY'S FEES

66.     Plaintiff **THIERRY** is entitled to an award of attorney fees and costs under Title VII, 42 USC§ 2000e-5(k).

67.     Plaintiff **HUDSON** was forced to engage counsel to protect her rights.  Plaintiff is entitled to an award of attorney fees and costs under the FMLA.

68.     Plaintiff **HUDSON** is entitled to award of attorney's fees under 42 USC§ 1981.

69.     Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 USC§ 2000e-5(k).

---

[13] 42 USC§ 1981 a(b)(i); *Kolstad v. American Dental Association*, 527 US 526, 535-536 (1999).

70.     For these reasons, Plaintiffs **THIERRY** and **HUDSON** asks for judgment against Defendant for the following:

a)      Plaintiff **THIERRY** is a female employee protected under Title VII.  Plaintiff HUDSON is an employee protected under 42 USC Section 1981.  Both Plaintiffs are protected under the Civil Rights Act of 1991.

b)      Defendant intentionally discriminated against Plaintiff in violation of Title VII by creating a sexually hostile work environment.  Conduct unreasonably interfered with Plaintiff's work performance.  Specifically, the Defendant fostered an environment which allows the Defendant employees to make comments about the Plaintiff's anatomy.

c)      Defendant did not exercise reasonable care to prevent and cure allegations of sexual harassment.  Defendant ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

**IX.**
**PRAYER FOR RELIEF**

71.     **WHEREFORE**, **PREMISES CONSIDERED**, Plaintiffs requests that summons be issued and served upon Defendant to appear and answer, that upon trial, Plaintiffs have:

a)      judgment against the Defendant for compensatory and actual damages;

b)      back pay with interest;

c)      an award of pre-judgment interest at the maximum amount provided by law;

d)      an award of post-judgment interest from the date of trial at the maximum

amount provided by law;

e)      exemplary damages to the extent allowed by law;

f)      all costs of court;

g)      attorney's fees to the extent allowed by law as authorized by 42 USCA§

2000e-5(k); 42 USC Section 1981, The Civil Rights Act of 1991, and

h)      all other relief which Plaintiffs may show themselves justly entitled, at law

or in equity.


## X.
## DEMAND FOR JURY TRIAL

72.    Plaintiffs hereby formally make this demand for a jury trial in this cause pursuant to the

Federal Rules of Civil Procedure.


                            Respectfully submitted:

                            **OKON J. USORO, P.C.**

                            By:    _____
                                   O. J. Usoro
                                   SD No.:     19785
                                   SB No: 00789691
                                   12000 Westheimer Rd., Ste. 300
                                   Houston, TX 77077
                                   Phone: (281) 920-2000
                                   Fax:    (281) 920-2139

                            **ATTORNEY FOR PLAINTIFFS**

                            **DATED:        MARCH 31, 2007**