UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TAWANNA THIERRY and CANDI HUDSON, <br><br>Plaintiffs <br><br>v. <br><br>SCHLUMBERGER LIMITED, AND ITS SUBSIDIARIES, AND SCHLUMBERGER TECHNOLOGY CORPORATION <br><br>Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. H-07-1086 |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' PARTIAL MOTION TO DISMISS AND MOTION TO STRIKE, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Defendants Schlumberger Limited and Schlumberger Technology Corporation (hereinafter collectively referred to as "Schlumberger" or "Defendants")[1] hereby respond to Plaintiffs Tawanna Thierry and Candi Hudson's ("Plaintiffs") Motion to Strike Defendants' Partial Motion to Dismiss and Motion to Strike, or Alternatively, For a More Definite Statement as follows:

### I.

### ARGUMENT AND AUTHORITIES

1. On May 25, 2007, Defendants moved to partially dismiss and/or strike Plaintiffs' Second Amended Original Complaint ("Partial Motion to Dismiss"). In the alternative,

---

[1] Plaintiffs' Second Amended Complaint was amended to add the "subsidiaries" of Schlumberger Limited and Schlumberger Technology Corporation. Plaintiffs' inclusion of "subsidiaries" as named Defendants is so vague and over inclusive that Defendant Schlumberger Limited cannot identify which additional entities have been named as a party to this lawsuit. Out of due caution, and without waiving the right to object to Plaintiffs' Second Amended Original Complaint, Defendants' Response to Plaintiffs' Motion to Strike Defendants' Partial Motion to Dismiss and Motion to Strike, or Alternatively, For a More Definite Statement is filed on behalf of all parties identified in Plaintiffs' Second Amended Original Complaint.

Defendants asked the Court to order Plaintiffs to replead and file a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The Partial Motion to Dismiss was based in part on Plaintiffs' vague and conclusory pleading, which failed to allege key elements of their claims for relief. In addition, Plaintiffs asserted several causes of action which could not be identified or to which Plaintiffs did not have a private right of action. *See* Defendants' Partial Motion to Dismiss.

2. On June 5, 2007, Plaintiffs' filed a Motion to Strike Plaintiffs' Partial Motion to Dismiss. In support of their motion, Plaintiffs argued that service on opposing counsel was defective because Defendants failed to obtain Plaintiffs' consent to file its Partial Motion to Dismiss electronically as provided in FED. R. CIV. P. 5(b)(2)(D). Specifically, Plaintiffs argued that "Defendants did not obtain [opposing counsel's] consent, and the electronic filing, which purports service on Plaintiffs' counsel is defective, as a matter of law." Additionally, Plaintiffs state that they did not receive a certified copy of Defendants' Partial Motion to Dismiss as provided in Defendants' Certificate of Service.

3. Pursuant to Rule 5.1 of the Local Rules of Civil Procedure, "[t]he notice of electronic filing that is automatically generated by the Court's electronic filing system constitutes service of the document on those registered as filing users of the system." Specifically, (effective January 1, 2007) the Federal Courts in the Southern District of Texas enacted Administrative Procedures for Electronic Filing which provided that "[r]egistration as a Filing User constitutes consent to electronic service of all documents as provided in these procedures and in accordance with Fed. R. Civ. P. 5(b)(2)(D)...."

4. Defendants were not required to seek Plaintiffs' consent to electronically file their Partial Motion to Dismiss. Plaintiffs' counsel is a registered filing user with the Federal Courts

in the Southern District of Texas. Additionally, Plaintiffs' counsel received electronic service through the Court's electronic filing system on May 25, 2007. "Electronic transmission of a document to the Electronic Filing System ... together with transmission of a Notice of Electronic Filing issued by the Court, constitutes filing of the document for all purposes of the Federal Rules of Civil and Criminal Procedure and the Local Rules of this Court...." *See* United States District Court Southern District of Texas' Administrative Procedures for Electronic Filing. Accordingly, Defendants' Partial Motion to Dismiss was properly filed with the Court and served on opposing counsel.

5. Moreover, a certified copy of Defendants' Partial Motion to Dismiss was sent to opposing counsel by certified mail on June 7, 2007. Because Plaintiffs received an electronic copy of Defendants' Partial Motion to Dismiss on May 25, 2007, Plaintiffs cannot show that they were in any way unfairly prejudiced or harmed in this matter.

6. Furthermore, as demonstrated in Defendants' Partial Motion to Dismiss, Plaintiffs have not alleged any facts sufficient to state a claim for relief under the ADA, the EPA, the "Health Records and Information Act of 2002," the "Whistleblower Act," The Civil Rights Act of 1991, the "Glass Ceiling Act," for retaliation under Title VII, §1981, and/or The Civil Rights Act of 1991, and for common law defamation. Significantly, Plaintiffs' response to Defendants' Partial Motion to Dismiss does not address these deficiencies or assert any argument that Plaintiffs' claims should not be dismissed.

## II.

## REQUEST FOR RELIEF

For the above and foregoing reasons, Defendants respectfully request that this Court Deny Plaintiffs' Motion to Strike Defendants' Partial Motion to Dismiss and Motion to Strike, or

Alternatively, For a More Definite Statement.

In addition, Defendants respectfully request that this Court Dismiss Plaintiffs' claims for relief under the ADA, the EPA, the "Health Records and Information Act of 2002," the "Whistleblower Act," The Civil Rights Act of 1991, the "Glass Ceiling Act," for retaliation under Title VII, §1981, and/or The Civil Rights Act of 1991, and for common law defamation. In the alternative, Defendants move Plaintiffs to replead these claims, as well as identify which claims are alleged by each individual Plaintiff. Furthermore, Defendants request any other relief to which they may be entitled, in law or in equity.

Dated: June 18, 2007

Respectfully submitted,

BRACEWELL & GIULIANI, LLP

_____
Amy Karff Halevy – Attorney in Charge
State Bar No. 11098750
Travis W. Gill
State Bar No. 24050657

711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
(713) 221-1329 -(Amy Karff Halevy)
(713)-222-3212 - fax
(713) 221-1395 - (Travis W. Gill)
(713)-222-3295 - fax

**ATTORNEYS FOR DEFENDANTS,
SCHLUMBERGER LIMITED AND SCHLUMBERGER
TECHNOLOGY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing is being sent by electronic filing, to Plaintiffs' counsel of record, Mr. Okon J. Usoro, Attorney at Law, 12000 Westheimer Road, Suite 300, Houston, Texas 77077 on June 18, 2007.

_____
Travis W. Gill