UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TAWANNA THIERRY and<br>DR. CANDI HUDSON, Ph.D.<br><br>Plaintiffs<br><br>v.<br><br>SCHLUMBERGER LIMITED,<br>SCHLUMBERGER TECHNOLOGY<br>CORPORATION, DOUGLAS LAWSON,<br>INDIVIDUALLY AND AS PRODUCTION<br>MANAGER, NAUSHA ASRAR,<br>INDIVIDUALLY AND AS SENIOR<br>ENGINEER/MATERIAL, THOMAS<br>REBLER, INDIVIDUALLY AND AS<br>MANAGER QUALITY/RELIABILITY<br>TESTING, AND WALTER BENSON,<br>INDIVIDUALLY AND AS<br>MECHANICAL METIER<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-07-1086 |

## DEFENDANTS SCHLUMBERGER LIMITED AND SCHLUMBERGER TECHNOLOGY CORPORATION'S ORIGINAL ANSWER TO PLAINTIFFS' THIRD AMENDED ORIGINAL COMPLAINT

Defendants, Schlumberger Limited and Schlumberger Technology Corporation (collectively referred to as "Defendants") file this Original Answer to Plaintiffs' Third Amended Original Complaint ("Plaintiffs' Complaint") and respectfully state as follows:

### DEFENSES AND OTHER MATTERS

In asserting the following defenses, Defendants do not admit that the burden of proving the allegations or denials contained in the defenses is upon Defendants, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in the defenses is upon Plaintiffs. Moreover, Defendants do

not admit, in asserting any defense, any liability.   Rather, Defendants specifically deny any and all allegations of liability in Plaintiffs' Complaint.   Without admitting liability as to any of Plaintiffs' causes of action, Defendants assert the following defenses:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants would have taken the same action(s) in the absence of any alleged impermissible motivating factor(s).

### FOURTH DEFENSE

Plaintiffs must mitigate any and all damages, and Defendants are entitled to an offset for any amount, including, but not limited to, benefits and all other compensation, that Plaintiffs earned or received or could have earned or received through the exercise of reasonable diligence.

### FIFTH DEFENSE

All or part of the damages requested by Plaintiffs are unavailable as a matter of law.

### SIXTH DEFENSE

Plaintiffs' claims are barred because any alleged discrimination or improper conduct, which forms the basis of Plaintiffs' Complaint, by any of Defendants' employees was outside the course and scope of the employee's employment.

### SEVENTH DEFENSE

To the extent that the after-acquired evidence doctrine applies, Plaintiffs' damages are

barred pursuant to that doctrine.

### EIGHT DEFENSE

Any employment actions taken with respect to Plaintiffs were based on job-related factors, were consistent with "business necessity," as that term is defined under the relevant law, and were based on legitimate nondiscriminatory reasons.

### NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' actions with respect to Plaintiffs were at all times in compliance and comportment with Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and all other applicable laws, and were taken in good faith and for lawful, legitimate and nondiscriminatory reasons.

### TENTH DEFENSE

To the extent that each Plaintiff's allegations exceed the scope of their individual administrative charge, that Plaintiff's claims based on those allegations are not properly before this Court, jurisdictionally or otherwise, and are barred as a matter of law.

### ELEVENTH DEFENSE

To the extent that Plaintiffs have failed to exhaust their administrative remedies, Plaintiffs' claims are barred.

### TWELFTH DEFENSE

Plaintiffs were not discriminated against on the basis of their race as defined by Title VII or § 1981.

### THIRTEENTH DEFENSE

To the extent that Plaintiffs allege racial harassment, Defendants exercised reasonable care to prevent and correct promptly any alleged racially harassing behavior.   Plaintiffs

unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## FOURTEENTH DEFENSE

Any adverse employment actions taken with respect to Plaintiffs were based on factors other than their race or sex.

## FIFTEENTH DEFENSE

Plaintiffs were not discriminated against on the basis of their sex as defined by Title VII.

## SIXTEENTH DEFENSE

To the extent that Plaintiffs allege sexual harassment, Defendants exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior. Plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## SEVENTEENTH DEFENSE

Plaintiffs' sexual harassment claims are barred because any alleged harassment was not sufficiently severe or pervasive to alter the conditions of Plaintiffs' employment.

## EIGHTEENTH DEFENSE

Plaintiffs' sexual harassment claims are barred because any alleged harassment was not unwelcome.

## NINETEENTH DEFENSE

Any differential in Plaintiffs' wages was based on factors other than sex.

## TWENTIETH DEFENSE

Any differential in Plaintiffs' wages was based on quantity or quality of production.

### TWENTY-FIRST DEFENSE

Any differential in Plaintiffs' wages was based on a bona fide merit system.

### TWENTY-SECOND DEFENSE

Plaintiffs were not retaliated against in violation of any law and/or for exercising any rights and privileges under any law.

### TWENTY-THIRD DEFENSE

Plaintiffs' claims of intentional infliction of emotional distress should be dismissed because Defendants did not intentionally or recklessly engage in any outrageous behavior towards Plaintiffs.

### TWENTY-FOURTH DEFENSE

Plaintiffs' intentional infliction of emotional distress claims are pre-empted as a matter of law as these claims are based on the same actions that comprise their Title VII and § 1981 claims.

### TWENTY-FIFTH DEFENSE

Plaintiffs' negligence claims are barred by the exclusivity provisions of the Workers' Compensation Act, § 408.001 of the Texas Labor Code.

### TWENTY-SIXTH DEFENSE

Plaintiffs' negligence claims are barred, in whole or in part, by Plaintiffs' own contributory or comparative negligence and/or fault, or failure to exercise reasonable care by Plaintiffs, and Plaintiffs' recovery, if any, must be reduced in proportion to the percentage of Plaintiffs' responsibility.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims of defamation are barred in whole or in part by privilege, qualified privilege, truth, and by the fact that any allegedly defamatory statement was an expression of opinion.

## TWENTY-EIGHT DEFENSE

Plaintiffs cannot properly recover actual and/or punitive damages under multiple or different theories and causes of action for the same or similar alleged acts.

## TWENTY-NINTH DEFENSE

Any claims for compensatory and punitive damages under Title VII are limited by 42 U.S.C. § 1981a(b)(3).

## THIRTIETH DEFENSE

Defendants plead the limits to exemplary damages under Texas Civil Practice and Remedies Code § 41.008 and other applicable laws.

Pleading further, if necessary, and without waiving the foregoing defenses, the allegations of Plaintiffs' Complaint are answered below, as raised by Plaintiffs, in correspondingly numbered paragraphs:

## I.
## NATURE OF SUIT

Defendants admit that Tawanna Thierry ("Thierry") and Dr. Candi Hudson, Ph.D ("Hudson") bring this suit against Defendants. Defendants deny each and every remaining allegation in this Paragraph of Plaintiffs' Complaint.

## II.
## PARTIES

1.      Defendants are without sufficient information to admit or deny that Plaintiff Thierry is a resident of Houston, Harris County, Texas. Defendants admit that Plaintiff Thierry is employed as a Repair & Maintenance System ("RMS") Coordinator with Defendant Schlumberger Technology Corporation. Defendants deny each and every remaining allegation in Paragraph 1 of Plaintiffs' Complaint.

2.      Defendants are without sufficient information to admit or deny that Plaintiff Hudson is a resident of Houston, Harris County, Texas. Defendants admit that Plaintiff Hudson is employed as an Engineer 4 - Materials Scientist with Defendant Schlumberger Technology Corporation. Defendants deny each and every remaining allegation in Paragraph 2 of Plaintiffs' Complaint.

3.      Defendants admit the allegations in Paragraph 3 of Plaintiffs' Complaint.

4.      Defendants admit that Schlumberger Technology Corporation is a subsidiary of Schlumberger Limited. Defendants deny each and every remaining allegation in Paragraph 4 of Plaintiffs' Complaint.

5.      Defendants admit that Douglas Lawson is an individual and is employed by Defendant Schlumberger Technology Corporation in a managerial capacity. Defendants also admit that Douglas Lawson is Plaintiff Thierry's immediate supervisor. Defendants deny each and every remaining allegation in Paragraph 5 of Plaintiffs' Complaint.

6.      Defendants admit that Nausha Asrar is an individual and is employed by Defendant Schlumberger Technology Corporation in a managerial capacity as a Senior Engineer Materials Scientist. Defendants deny each and every remaining allegation in Paragraph 6 of

Plaintiffs' Complaint.

7.     Defendants admit that Thomas Rebler is an individual and is employed by Defendant Schlumberger Technology Corporation in a managerial capacity. Defendants deny each and every remaining allegation in Paragraph 7 of Plaintiffs' Complaint.

8.     Defendants admit that Walter Benson is an individual and is employed by Defendant Schlumberger Technology Corporation in a managerial capacity as a Mechanical Metier Manager. Defendants deny each and every remaining allegation in Paragraph 8 of Plaintiffs' Complaint.

### III.
### JURISDICTION

9.     Defendants admit that jurisdiction is appropriate and proper pursuant to 28 U.S.C. § 1331 because this matter is a civil action that arises under the laws of the United States. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 9 of Plaintiffs' Complaint.

10.     Defendants admit that this court has jurisdiction of claims arising under 42 U. S. C. § 2000e et seq also known as Title VII of the Civil Rights Act of 1964. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 10 of Plaintiffs' Complaint.

11.     Defendants admit that this court has jurisdiction of claims arising under 42 U.S.C.

§ 1981. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 11 of Plaintiffs' Complaint.

12.     Defendants admit that this court has jurisdiction of claims arising under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 12 of Plaintiffs' Complaint.

13.     Defendants admit that this court has jurisdiction of claims arising under the Equal Pay Act. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 13 of Plaintiffs' Complaint.

14.     Defendants admit that this court has jurisdiction of over the federal laws of the United States, including the Civil Rights Act of 1991. However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under this federal statute. Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind. Defendants deny each and every remaining allegation in Paragraph 14 of Plaintiffs' Complaint.

15.     Defendants deny the allegations in Paragraph 15 of Plaintiffs' Complaint.

16.     Defendants admit that pursuant to 28 U.S.C. § 1367(a), this court has

supplemental jurisdiction over claims arising under Texas law.  However, Defendants deny that they are liable to Plaintiffs or that Plaintiffs have stated a cause of action under their state law claims.  Defendants further deny that Plaintiffs are entitled to recover damages or equitable relief of any kind.  Defendants deny each and every remaining allegation in Paragraph 16 of Plaintiffs' Complaint.

## IV.
## VENUE

17.     Defendants admit that venue is proper in the United States District Court for the Southern District of Texas.  However, Defendants deny that they engaged in any unlawful employment practices.  Accordingly, Defendants deny each and every remaining allegation in Paragraph 17 of Plaintiffs' Complaint.

## V.
## CONDITIONS PRECEDENT

18.     Defendants deny the allegations in Paragraph 18 of Plaintiffs' Complaint.

19.     Defendants admit that Plaintiff Thierry has been issued a "Right to Sue" letter. Defendants deny each and every remaining allegation in Paragraph 19 of Plaintiffs' Complaint.

20.     Defendants admit that Plaintiff Hudson has been issued a "Right to Sue" letter. Defendants deny each and every remaining allegation in Paragraph 20 of Plaintiffs' Complaint.

## VI.
## AGENCY

21.     Defendants admit that Schlumberger Limited is the parent company of Schlumberger Technology Corporation.  Defendants deny each and every remaining allegation in Paragraph 21 of Plaintiffs' Complaint.

## VII.
## STATEMENT OF CLAIMS

22.     Defendants admit that Defendant Schlumberger Technology Corporation has employed Plaintiffs for at least 12 months.  Defendants are without knowledge or sufficient information to admit or deny the allegation in Paragraph 22 of Plaintiffs' Complaint that "Plaintiffs have been employed by defendants ... for at least 1,250 hours of service during the previous 12-month period" because "*previous 12-month period*" is vague and ambiguous. Defendants deny each and every remaining allegation in Paragraph 22 of Plaintiffs' Complaint.

23.     Defendants admit that Plaintiff Thierry is employed as a RMS Coordinator with Defendant  Schlumberger  Technology  Corporation.     Defendants  admit  that  Defendant Schlumberger Technology Corporation employs more than 5,000 people.  Defendants admit that Plaintiff is an African-American woman and is protected by Title VII of the Civil Rights Act of 1964.  However, Defendants deny that they are liable to Plaintiff or that Plaintiff has stated a cause of action under this federal statue.  Defendants deny each and every remaining allegation in Paragraph 23 of Plaintiffs' Complaint.

24.     Defendants admit that Plaintiff Hudson is employed as an Engineer 4 - Materials Scientist  with  Defendant  Schlumberger  Technology  Corporation.    Defendants  admit  that Plaintiff is an African-American woman and is protected by 42 U.S.C. § 1981.   However, Defendants deny that they are liable to Plaintiff or that Plaintiff has stated a cause of action under this federal statue.  Defendants deny each and every remaining allegation in Paragraph 24 of Plaintiffs' Complaint.

25.     Defendants deny the allegations in Paragraph 25 of Plaintiffs' Complaint.

26.     Defendants admit that Schlumberger Technology Corporation is an employer

within the meaning of Title VII. Defendants deny each and every remaining allegation in Paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny the allegations in Paragraph 27 of Plaintiffs' Complaint.

28. Defendants deny the allegations in Paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny the allegations in Paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny the allegations in Paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny the allegations in Paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny the allegations in Paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny the allegations in Paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny the allegations in Paragraph 34 of Plaintiffs' Complaint.

35. Paragraph 35 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny the allegations in Paragraph 36 of Plaintiffs' Complaint.

37. Defendants admit that Schlumberger Technology Corporation is an employer within the meaning of the FMLA. Defendants deny each and every remaining allegation in Paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny the allegations in Paragraph 38 of Plaintiffs' Complaint.

## VIII.
## CAUSES OF ACTION OF PLAINTIFF THIERRY

39. In Paragraph 39 of Plaintiffs' Complaint, Plaintiff Thierry states that she "adopts and incorporates by reference all previous paragraphs set forth above." No response is required. However, Defendants incorporate their responses in Paragraphs 1 through 38 above in this

Answer.  Defendants deny each and every allegation in Paragraphs 1 through 38 of Plaintiffs' Complaint which are not specifically admitted by Defendants in Paragraphs 1 through 38 above in this Answer.

      40.      Defendants deny the allegations in Paragraph 40 of Plaintiffs' Complaint.

      41.      Defendants admit that the employee/employer relationship satisfies the contractual requirements of § 1981 claims.  Defendants deny each and every remaining allegation in Paragraph 41 of Plaintiffs' Complaint.

      42.      Defendants deny the allegations in Paragraph 42 of Plaintiffs' Complaint.

      43.      Defendants deny the allegations in Paragraph 43 of Plaintiffs' Complaint.

      44.      Defendants deny the allegations in Paragraph 44 of Plaintiffs' Complaint (including subparts i. through iv.).

      45.      Defendants deny the allegations in Paragraph 45 of Plaintiffs' Complaint (including subparts i. through vi.).

      46.      Defendants deny the allegations in Paragraph 46 of Plaintiffs' Complaint.

      47.      Paragraph 47 of Plaintiffs' Complaint is one to which no response is required.  However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 47 of Plaintiffs' Complaint.

      48.      Paragraph 48 of Plaintiffs' Complaint is one to which no response is required.  Paragraph 48 of Plaintiffs' Complaint is one to which no response is required.  However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 48 of Plaintiffs' Complaint (including subparts i. through iii.).

      49.      Defendants deny the allegations in Paragraph 49 of Plaintiffs' Complaint.

50.     Defendants deny the allegations in Paragraph 50 of Plaintiffs' Complaint.

51.     Defendants deny the allegations in Paragraph 51 of Plaintiffs' Complaint (including subparts i. through ii.).

52.     Defendants deny the allegations in Paragraph 52 of Plaintiffs' Complaint (including subparts i. through vi.).

53.     In Paragraph 53 of Plaintiffs' Complaint, Plaintiffs state that they "adopt and incorporate by reference Sections VI and VII as fully set forth herein." No response is required. However, Defendants incorporate their responses in Sections VI and VII above in this Answer. Defendants deny each and every allegation in Sections VI and VII of Plaintiffs' Complaint which are not specifically admitted by Defendants in Sections VI and VII above in this Answer.

54.     Defendants deny the allegations in Paragraph 54 of Plaintiffs' Complaint (including subparts (1) and (2)).

55.     Defendants deny the allegations in Paragraph 55 of Plaintiffs' Complaint.

56.     Defendants deny the allegations in Paragraph 56 of Plaintiffs' Complaint (including subparts i. through v.).

57.     Defendants deny the allegations in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendants deny the allegations in Paragraph 58 of Plaintiffs' Complaint (including subparts i. through xiv.).

59.     Defendants deny the allegations in Paragraph 59 of Plaintiffs' Complaint.

60.     Defendants deny the allegations in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendants deny the allegations in Paragraph 61 of Plaintiffs' Complaint.

62.     Defendants deny the allegations in Paragraph 62 of Plaintiffs' Complaint.

63.     Paragraph 63 of Plaintiffs' Complaint is one to which no response is required.

However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 63 of Plaintiffs' Complaint.

64.    Defendants deny the allegations in Paragraph 64 of Plaintiffs' Complaint.

65.    Defendants deny the allegations in Paragraph 65 of Plaintiffs' Complaint.

66.    Paragraph 66 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 66 of Plaintiffs' Complaint (including subparts i. through iii.).

67.    Defendants deny the allegations in Paragraph 67 of Plaintiffs' Complaint (including all subparts).

## IX.
## CAUSES OF ACTION OF PLAINTIFF HUDSON

68.    In Paragraph 68 of Plaintiffs' Complaint, Plaintiff Hudson states that she "adopts and incorporates by reference all previous paragraphs 1-37 as set forth above." No response is required. However, Defendants incorporate their responses in Paragraphs 1 through 37 above in this Answer. Defendants deny each and every allegation in Paragraphs 1 through 37 of Plaintiffs' Complaint which are not specifically admitted by Defendants in Paragraphs 1 through 37 above in this Answer.

69.    Paragraph 69 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 69 of Plaintiffs' Complaint (including subparts i. through iii.).

70.    Defendants admit that the employee/employer relationship satisfies the

contractual requirements of § 1981 claims.   Defendants deny each and every remaining allegation in Paragraph 70 of Plaintiffs' Complaint.

71.    Defendants deny the allegations in Paragraph 71 of Plaintiffs' Complaint.

72.    Defendants are without sufficient information to admit or deny that Plaintiffs witnessed the harassment of other African Americans.   Defendants deny each and every allegation in Paragraph 72 of Plaintiffs' Complaint (including subparts i. through iv.).

73.    Defendants deny the allegations in Paragraph 73 of Plaintiffs' Complaint (including subparts i. through vi.).

74.    Defendants deny the allegations in Paragraph 74 of Plaintiffs' Complaint.

75.    Paragraph 75 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 75 of Plaintiffs' Complaint.

76.    Paragraph 76 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 76 of Plaintiffs' Complaint (including subparts i. through iii.).

77.    Defendants deny the allegations in Paragraph 77 of Plaintiffs' Complaint.

78.    Defendants deny the allegations in Paragraph 78 of Plaintiffs' Complaint.

79.    Defendants deny the allegations in Paragraph 79 of Plaintiffs' Complaint.

80.    Defendants deny the allegations in Paragraph 80 of Plaintiffs' Complaint (including subparts i. through ii.).

81.    Defendants deny the allegations in Paragraph 81 of Plaintiffs' Complaint (including subparts i. through vi.).

82.     In Paragraph 82 of Plaintiffs' Complaint, Plaintiffs state that they "adopt and incorporate by reference Sections VI and VII as fully set forth herein." No response is required. However, Defendants incorporate their responses in Sections VI and VII above in this Answer. Defendants deny each and every allegation in Sections VI and VII of Plaintiffs' Complaint which are not specifically admitted by Defendants in Sections VI and VII above in this Answer.

83.     Defendants deny the allegations in Paragraph 83 of Plaintiffs' Complaint (including subparts (1) and (2)).

84.     Defendants deny the allegations in Paragraph 84 of Plaintiffs' Complaint.

85.     Defendants deny the allegations in Paragraph 85 of Plaintiffs' Complaint (including subparts i. through viii.).

86.     Defendants deny the allegations in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendants deny the allegations in Paragraph 87 of Plaintiffs' Complaint (including subparts i. through viii.).

88.     Defendants deny the allegations in Paragraph 88 of Plaintiffs' Complaint.

89.     Defendants deny the allegations in Paragraph 89 of Plaintiffs' Complaint.

90.     Defendants deny the allegations in Paragraph 90 of Plaintiffs' Complaint.

91.     Defendants deny the allegations in Paragraph 91 of Plaintiffs' Complaint.

92.     Paragraph 92 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 92 of Plaintiffs' Complaint (including subparts i. through iii.).

93.     Defendants admit that Schlumberger Technology Corporation is subject to the Equal Pay Act. However, Defendants deny that they are liable to Plaintiff or that Plaintiff has

stated a cause of action under this federal statue. Defendants deny each and every remaining allegation in Paragraph 93 of Plaintiffs' Complaint (including all subparts).

## X.
## JOINT CAUSES OF ACTION

94.     Defendants deny the allegations in Paragraph 94 of Plaintiffs' Complaint.

95.     Defendants deny the allegations in Paragraph 95 of Plaintiffs' Complaint (including subparts i. through v.).

96.     Defendants deny the allegations in Paragraph 96 of Plaintiffs' Complaint (including subparts i. through iii.).

97.     Defendants deny the allegations in Paragraph 97 of Plaintiffs' Complaint.

98.     Defendants deny the allegations in Paragraph 98 of Plaintiffs' Complaint.

99.     Defendants deny the allegations in Paragraph 99 of Plaintiffs' Complaint (including subparts i. through iii.).

100.    Defendants admit that Douglas Lawson had supervisory authority over Plaintiff Thierry. Defendants also admit that Nausha Asrar and Thomas Rebler had supervisory authority over Plaintiff Hudson. Paragraph 100 of Plaintiffs' Complaint also contains statements to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 100 of Plaintiffs' Complaint (including subparts i. through ii.).

101.    Defendants deny the allegations in Paragraph 101 of Plaintiffs' Complaint.

## XI.
## PLAINTIFFS' STATE CLAIMS

102.    Defendants deny the allegations in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendants deny the allegations in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the allegations in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendants deny the allegations in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendants deny the allegations in Paragraph 106 of Plaintiffs' Complaint (including subparts a. through f.).

107.    Defendants deny the allegations in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendants deny the allegations in Paragraph 108 of Plaintiffs' Complaint (including subparts (1) through (3)).

109.    Defendants deny the allegations in Paragraph 109 of Plaintiffs' Complaint.

110.    Paragraph 110 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 110 of Plaintiffs' Complaint.

111.    Paragraph 111 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 111 of Plaintiffs' Complaint.

112.    Defendants deny the allegations in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendants deny the allegations in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendants deny the allegations in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendants deny the allegations in Paragraph 115 of Plaintiffs' Complaint.

116.    Defendants deny the allegations in Paragraph 116 of Plaintiffs' Complaint (including subparts i. through vi.).

117.    Defendants deny the allegations in Paragraph 117 of Plaintiffs' Complaint (including subparts i. through vii.).

118.    Defendants deny the allegations in Paragraph 118 of Plaintiffs' Complaint

(including subparts (1) through (4)).

## XII.
## PUNITIVE DAMAGES

119. Defendants deny the allegations in Paragraph 119 of Plaintiffs' Complaint.

120. Paragraph 120 of Plaintiffs' Complaint is one to which no response is required. However, to the extent that Plaintiffs assert allegations against Defendants in this Paragraph, Defendants deny each and every allegation in Paragraph 120 of Plaintiffs' Complaint (including subparts (1) through (4)).

121. Defendants deny the allegations in Paragraph 121 of Plaintiffs' Complaint.

## XIII.
## COMPENSATORY DAMAGES

122. Defendants deny the allegations in Paragraph 122 of Plaintiffs' Complaint.

123. Defendants deny the allegations in Paragraph 123 of Plaintiffs' Complaint.

124. Defendants deny the allegations in Paragraph 124 of Plaintiffs' Complaint (including subparts a. through c.).

125. Defendants deny the allegations in Paragraph 125 of Plaintiffs' Complaint (including subparts a. through d.).

126. Defendants admit that the damages requested are within the jurisdictional limits of this Court. Defendants deny each and every remaining allegation in Paragraph 126 of Plaintiffs' Complaint.

127. Defendants deny the allegations in Paragraph 127 of Plaintiffs' Complaint.

128. Defendants deny the allegations in Paragraph 128 of Plaintiffs' Complaint (including subparts a. through g.).

129. Defendants deny the allegations in Paragraph 129 of Plaintiffs' Complaint.

## XIV.
## ATTORNEY'S FEES

130.    Defendants deny the allegations in Paragraph 130 of Plaintiffs' Complaint (including subparts a. through c.).

131.    Defendants deny the allegations in Paragraph 131 of Plaintiffs' Complaint.

132.    Defendants deny the allegations in Paragraph 132 of Plaintiffs' Complaint.

133.    Defendants deny the allegations in Paragraph 133 of Plaintiffs' Complaint.

## XV.
## PRAYER FOR RELIEF

134.    Paragraph 134 of Plaintiffs' Complaint is entitled Plaintiffs' "Prayer for Relief"; no response is required.  In further answering, Defendants deny each and every allegation in the Prayer section of Plaintiffs' Complaint (including subparts a. through i.), and deny that Plaintiffs are entitled to relief of any kind.

## XVI.
## DEMAND FOR JURY TRIAL

135.    Defendants admit that Plaintiffs requested a jury trial; however, Defendants deny that Plaintiffs have provided any facts to support that this case should proceed to a jury trial.

**Defendants further state as follows:**

All allegations in Plaintiffs' Complaint not expressly admitted by Defendants are hereby denied.  Defendants reserve the right to amend this Answer, and/or add additional affirmative defenses, as allowed by the federal rules and as discovery proceeds.

WHEREFORE, PREMISES CONSIDERED, Defendants Schlumberger Limited and Schlumberger Technology Corporation, having responded to Plaintiffs' Complaint, pray that a take-nothing judgment be entered against Plaintiffs and that Defendants recover their costs of court, together with such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled. Moreover, Defendants, by virtue of Plaintiffs' actions, were required to obtain the legal services of Bracewell & Giuliani LLP to defend Defendants in this action. Therefore, Defendants request that Defendants be awarded their attorneys' fees together with other and further relief as may be deemed appropriate.

Respectfully Submitted,

BRACEWELL & GIULIANI LLP

By: _____

Amy Karff Halevy
State Bar No. 11098750
Travis W. Gill
State Bar No. 24050657

South Tower Pennzoil Place
711 Louisiana Street, Suite 2300
Houston, Texas 77002-2770
(713) 221-1329 -(Amy Karff Halevy)
(713)-222-3212 - fax
(713) 221-1395 - (Travis W. Gill)
(713)-222-3295 - fax

ATTORNEYS FOR DEFENDANTS
SCHLUMBERGER LIMITED AND
SCHLUMBERGER TECHNOLOGY
CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2007, a true and correct copy of Defendants Schlumberger Limited and Schlumberger Technology Corporation's Original Answer to Plaintiffs' Third Amended Original Complaint was served by electronic filing upon the following counsel of record:

Mr. Okon J. Usoro
Attorney at Law
12000 Westheimer Road, Suite 300
Houston, Texas 77077

Travis Wayne Gill